09-1291-ag
Lin v. Holder

BIA
Balasquide, IJ
A098 940 029

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of January, two thousand ten.

PRESENT:
        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges.*
_____

DE DONG LIN,
        *Petitioner*,

        v.                                    09-1291-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Yee Ling Poon; Robert Duk-Hwan Kim,
                       New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Remi Adalemo, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

De Dong Lin, a native and citizen of the People's Republic of China, seeks review of a March 11, 2009 order of the BIA, affirming the December 7, 2006 decision of Immigration Judge ("IJ") Javier E. Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re De Dong Lin*, No. A098 940 029 (B.I.A. Mar. 11, 2009), *aff'g* No. A098 940 029 (Immig. Ct. N.Y. City Dec. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Lin is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nevertheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a

2

removal order.  *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006).

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions -- or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).  We review *de novo* questions of law and the application of law to undisputed fact.  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).  For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N.

Dec. 260, 265 (BIA 2007).

Analyzed under the REAL ID Act, the agency's adverse credibility determination was supported by substantial evidence. In finding Lin's testimony not credible, the IJ relied in part on his demeanor, noting that his testimony was hesitant and unconvincing, and that he was evasive at times and unresponsive. Because the IJ was in the best position to observe Lin's manner while testifying, we defer to his demeanor finding. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).

The IJ also reasonably relied on a number of inconsistencies in Lin's testimony. For example, the IJ noted that after Lin initially testified that his father paid to bail him out of detention using money that was in his home, when it was pointed out that the bail amount exceeded his father's yearly income, Lin changed his testimony and stated that his father borrowed the money. Similarly, the IJ observed that although Lin's asylum application indicated that he went into hiding after he was released from detention, he testified that he spent five or

six days with his parents before fleeing. Lin argues that these and other inconsistencies can be explained away by interpreting the evidence in a different manner. Yet, our review does not permit us to ask whether Lin's interpretation of the evidence is plausible. Rather, we ask only whether the IJ's interpretation was erroneous because it was impermissible. Here, we cannot find that it was. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006) ("our review does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony"); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)).

The IJ also did not err in drawing an adverse inference from Lin's inability to name his purported roommate of one year, the only witness to Lin's Falun Gong practice in the United States, after repeated efforts by the IJ to elicit the name. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Lin's arguments, the reasons for the IJ's incredulity are

5

evident. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Moreover, the IJ was not required to credit Lin's explanation that he referred to his roommate as "little brother." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Lin's testimony was not otherwise credible, the IJ did not err, under the provisions of the REAL ID Act, in drawing an adverse inference as to Lin's credibility from his failure to obtain corroboration of his claims. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Under the REAL ID Act, these findings were sufficient to support the agency's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin*, 534 F.3d at 167. Because the agency's adverse credibility determination was supported by substantial evidence, it reasonably denied Lin's applications for asylum, withholding of removal, and CAT relief, to the extent all three claims shared the same factual predicate.[*] *See Paul v. Gonzales*,

---

[*] We are without jurisdiction to review Lin's unexhausted due process claim. *See* 8 U.S.C. § 1252(d)(1). We are unpersuaded by Lin's argument that his due process claim is "subsidiary" to that which he raised before the BIA. *See Gill v. INS*, 420 F.3d 82, 87 (2d Cir. 2005).

6

444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006). Finally, we deem  abandoned Lin's CAT claim based on his purportedly illegal departure from China.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____